UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
AUG 1 2 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JOHN WILLIAMS

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Case No: 16-cv-6084
(To be supplied by the Clerk of this Court)

THE VILLAGE OF OAK PARK

OFFICER JAMES SPERANDINO #368
OFFICER Timothy Unzicker #374
OFFICER A. EPISCOPO # 331
OFFICER MICHAEL O'CONNOR # 331
TOM DART SHERIFF
SHARLES A. SCHAUER
SHERIFF / OFFICER THAT ALLOWED

MY BODY TO BE TOOKEN OUT WITH OUT A WARRANT
(Enter above the full name of ALL I BELIEVE HIS NAME IS "DAVIS"
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

X     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
      **U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
      **28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

   A. Name: JOHN WILLIAMS

   B. List all aliases: JOHN SANFORD  TONE SMITH  JOHN JACKSON

   C. Prisoner identification number: 20151007199

   D. Place of present confinement: COOK COUNTY JAIL

   E. Address: 2600 S CALIFORNAI 60608

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A. Defendant: OAK PARK VILLAGE

   Title: THE VILLAGE OF OAK PARK

   Place of Employment: OAK PARK

   B. Defendant: OFFICER JAMES SPERANDINO # 368

   Title: OAK PARK POLICE OFFICER

   Place of Employment: OAK PARK POLICE

   C. Defendant: OFFICER A EPISCOPO # 367

   Title: OAK PARK POLICE OFFICER

   Place of Employment: OAK PARK POLICE STATION

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

## ADDITIONAL DEFENDANTS

D. DEFENDANT: OFFICER O'CONNOR #331

   TITLE: OAK PARK POLICE OFFICER

   PLACE OF EMPLOYMENT: OAK PARK POLICE STATION

E. DEFENDANT: OFFICER UNZICKER #374

   TITLE: OAK PARK POLICE OFFICER

   PLACE OF EMPLOYMENT: OAK PARK POLICE STATION

F. DEFENDANT: SHERIFF TOM DART

   TITLE: FIRST SHERIFF

   PLACE OF EMPLOYMENT: COOK COUNTY JAIL

G. DEFENDANT: DAVIS

   TITLE: COOK COUNTY SHERIFF

   PLACE OF EMPLOYMENT: I.A. OFFICE, AT COOK COUNTY JAIL

H. DEFENDANT: CHARLES A. SCHAUER

   TITLE: R.E WALSH & ASSOCIATES PRINT EXAMINER

   PLACE OF EMPLOYMENT: WALSH & ASSOCIATES

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: CROSS SEX STRIP SEARCH, DON'T RECALL DOCKET OR CASE NUMBER.

    B. Approximate date of filing lawsuit: SOME TIME IN 2002

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: JOHN WILLIAMS, TONE SMITH, JOHN SANFORD

    D. List all defendants: JOHN WILLIAMS

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): OKLAHOMA THE 11TH DISTRICT.

    F. Name of judge to whom case was assigned: DO NOT RECALL

    G. Basic claim made: CORRECTIONAL OFFICER CROSS SEX STRIP SEARCH

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): CASE WAS DISMISSED AND NOT APPEALED

    I. Approximate date of disposition: 2005

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

ADDITIONAL LAWSUITS.

I

A. NAME OF CASE AND DOCKET # EXCESSIVE FORCE DONT KNOW DOCKET # John Williams v. Warden Reed

B. APPROXIMATE DATE OF FILING LAWSUIT: SOME TIME IN 2009

C. LIST ALL PLAINTIFFS (1) ONE. JOHN WILLIAMS

D. LIST ALL DEFENDANTS. ONE. (1) DOCTOR. ONE (1) WARDEN (7) SAVEN CORRECTIONAL OFFICER

E. COURT IN WHICH LAWSUIT WAS FILED. NORTHEN DISTRICT 219 S Dearborn Chicago, ILL

F. NAME OF JUDGE TO WHOM CASE WAS ASSIGNED CHAN

G. BASIC CLAIM MADE: EXCESSIVE FORCE

H. DISPOSITION OF CASE. WON by JURY

I. DATE OF DISPOSITION. 2013 / 14

3-1

## ADDITIONAL LAWSUIT:

A. NAME OF CASE AND DOCKET # JOHN WILLIAMS V. RIVERDALE POLICE # NO: 1:15-CV-06134

B. APPROXIMATE DATE OF FILING 7-15-2014

C. LIST OF ALL PLAINTIFFS (1) ONE John Williams

D. LIST ALL DEFENDANTS: ONE (1) SGT FOR RIVERDALE POLICE.

E. COURT IN WHICH LAWSUIT WAS FILED NORTHERN DISTRICT

F. NAME OF JUDGE TO WHOM CASE WAS ASSIGNED HONORABLE MILTON I. SHADUR.

G. BASIC CLAIM MADE EXCESSIVE FORCE

H. DISPOSITION OF CASE DISMISSED, FOR NOT STATING A NAME.

I. DATE OF DISPOSITION 2015 DEC. 14

IV.  **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON OCTOBER 22, 2015 PLAINTIFF WAS TAKEN OUT OF COOK COUNTY JAIL... WHIT OUT A WARRANT, OR PROBABLE CAUSE, BUT ON THE BASES OF A INVESTIGATION ALERT — BULLETIN ALERT.

PLAINTIFF WAS TAKEN TO OAK PARK POLICE STATION, WHERE STAIED OVER OVER NIGHT. THE FOLLOWING DAY PLAINTIFF WAS CHARGED WITH (1) ONE COUNT OF RESIDENTUAL BURGLUARY. AFTER OFFICER SPERANDINO #368 AND OFFICER EPISCOPO #331. TRIED TO TALK THE PLAINTIFF INTO CONFESS. STATED TO THE PLAINTIFF, WE FOUND YOUR PRINTS ALL THROUGH THE IN SIDE OF THE VICTEM HOME, THAT I NEED TO MAN UP AND CONFESS. PLAINTIFF AGAIN STATED TO BOTH OFFICER'S THAT HE NEVER BEEN IN ANY ONE'S HOME IN OAK PARK.

ON OCTOBER 22, 2015 OFFICER SPERANDINO #368 AND OFFICER EPISCOPO #331 FABRICATED EVIDENCE AND MANUFACTURES FALSE EVIDENCE WHEN ON OCTOBER 22, 2015 BOTH OFFICERS PRESENTED UNTRUE FACTS TO THE ASA. STATING THAT AFTER SENDING THE LATENT FINGERPRING TO INTEGRATED AUTOMATED FINGERPRINT IDENTICATION SYSTEM (IAFIS) DATABASE OF THE F.B.I. AND THAT IT YIELDED A MATCH TO THE PLAINTIFF, JOHN WILLIAMS. OFFICER SPERANDINO AND EPISCOPO WAS ARMED WITH ALL THE FACTS, BEFORE PRESENTING

Revised 9/2007

THEM TO THE ASA OR ANY WRITINGS OF A REPORT. OFFICER SPERANDIO AND EPISCOPO HAD FULL KNOWLEDGE THAT ONLY A PARTIAL PRINT THAT WAS FOUND ON THE EXTERIOR OF THE FRONT DOOR, WHICH WAS SUITABLE FOR EXAMINATION, THAT AFTER THE EXAMINATION OF THE PARTIAL PRINT FROM THE F.B.I. DATABASE SYSTEM (IAFIS) IT WAS NOTED AND REVEALED THAT THE PARTIAL PRINT DID NOT YIELD A MATCH TO ANY ONE PERSON, BUT GENERATED A CANNDIDATE LIST OF 19 INDIVIDUALS AS BEING ASSOCIATED WITH THE PARTIAL PRINT RETRIEVED FROM THE EXTERIOR OF THE FRONT DOOR, PLAINTIFF BEING ONE OF THE 19 CANDIDATES.

HOWEVER: DURING TRIAL, THE STATE CALLED AS IT'S WITNESS FINGERPRINT EXAMINER MR. SCHAUER WHO TESTIFIED THAT THE PRINT WHICH WAS RECOVERED FROM THE EXTERIOR OF THE FRONT DOOR COULD NOT BE STATED THAT THE PRINT WITHOUT A DOUBT BELONG TO THE PLAINTIFF.

THE PLAINTIFF COULD NOT HAVE A FAIR TRIAL BECAUSE OFFICER SPERANDIO AND EPISCOPO WITHHELD EXCULPORTARY EVIDENCE THAT TENDED TO SHOW THE INNONCENCE OF THE PLAINTIFF, BUT SUBSTITUTED THIS WITH MANUFATURED TESTIMONIAL EVIDENCE WHEN THERE WAS BEST EVIDENCE AVAILABLE AND KNOWN TO OFFICER SPERANDIO + EPISCOPO. OFFICERS FURTHER KNOWINGLY AND INTENTIONALLY DEPRIVE THE PLAINTIFF OF HIS LIBERTY WHEN OFFICER SPERANDINO TESTIFIED AND WROTE A REPORT

WHICH FABRICATING EVIDENCE, THAT LATER LEAD TO THE PLAINTIFF FINDING OF GUILTY AND SENTENCE TO 9 YEARS IMPRISONMENT

V.  **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

PLAINTIFF BRING A CLAIM OF MALICIOUS PROSECUTION, THE FABRICATING OF EVIDENCE, PLAINTIFF ASK TO BE AWARDED FIVE HUNDRED THOUSAND DOLLARS $500,000, FIVE HUNDRED THOUSAND $500,000 FOR PAIN AND SUFFERING, FIVE HUNDRED THOUSAND $500,000 FOR PUNITIVE DAMAGES, FIVE HUNDRED THOUSAND $500,000 FOR COMPENSATION DAMAGES. OR WHAT EVER THE COURT MAY SEE DEEM.

VI.  The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _August_ day of _6_, 20_16_

_John Williams_
(Signature of plaintiff or plaintiffs)

John Williams
(Print name)

20151007199
(I.D. Number)

Cook County Jail
2600 S California Chicago
ILL 60608
(Address)

Revised 9/2007

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| John Williams, | ) | |
| Plaintiff, | ) ) ) | Case No: 16 C 6084 |
| v. | ) ) ) | Chief Judge Rubén Castillo |
| The Village of Oak Park, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $29.20 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The complaint [1] is dismissed without prejudice. Plaintiff must submit an amended complaint by August 31, 2016, if he wishes to proceed with this case. The Clerk is directed to send Plaintiff a blank application to proceed *in forma pauperis* and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order by the above date will result in summary dismissal of this case. Plaintiff's motion for recruitment of counsel [4] is denied without prejudice to renewal later in this case.

## STATEMENT

Plaintiff, John Williams, a pretrial detainee at Cook County Jail, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that on October 22, 2015, the Village of Oak Park, several of its officers, an unknown correctional officer of Cook County Jail, and Cook County Sheriff Tom Dart, falsely arrested and falsely imprisoned him when they moved him from detention at Cook County Jail to the Oak Park police station without a warrant and without probable cause to arrest him. Plaintiff was held for some unspecified period of time at the Oak Park police station. Eventually, Oak Park police officer Sperandino misled or lied to a grand jury about a partial fingerprint found in a home that had been burglarized. Plaintiff was charged with residential burglary on the basis of Sperandino's testimony and the partial fingerprint. At some unspecified time, Plaintiff was moved back to Cook County Jail. Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

cc

The Court finds that Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $29.20 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen a pro se prisoner's complaint and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation complaints using the same standards that govern motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe pro se complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The complaint here fails to state a federal claim for two reasons. First, Plaintiff's Fourth Amendment false arrest claim, which is a "subspecies" of false imprisonment, *Wallace v. Kato*, 549 U.S. 384, 384 (2007), is not viable; Plaintiff was not "seized" within the meaning of the Fourth Amendment because he was already in custody. *See Llovet v. City of Chicago*, 761 F.3d 759, 762 (7th Cir. 2014) (detainee was not "seized" for Fourth Amendment purposes when he was charged with second crime while already in jail). Second, although officer Sperandino is absolutely immune from suit for his grand jury testimony, *see Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1506 (2012), it may be that Plaintiff is attempting to state a claim against Defendants for prosecution of a crime through fabricated evidence. If that is what Plaintiff intends, he cannot state such a claim on his thin allegations; the allegations do not provide

sufficient information for the Court to assess the claim. *See White v. City of Chicago*, No. 14 C 9915, 2016 WL 640523, at *2 (N.D. Ill. Feb. 18, 2016) (discussing several evidence-fabrication scenarios and their legal implications). Plaintiff must, therefore, include in any amended complaint more information about the charges brought against him by the Village of Oak Park; whether he was prosecuted on or pleaded guilty to the charges; the outcome of any prosecution on the charges; the date on which the charges were resolved if they were resolved in Plaintiff's favor; and whether or when he was released from custody after October 22, 2015.

The Court dismisses Plaintiff's complaint without prejudice for failure to state a claim. Plaintiff is given until the above-specified date to file an amended complaint.

Finally, Plaintiff's motion seeking attorney representation [4] is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (*en banc*). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *id.*; (4) transfer to a different facility, Junior v. Anderson, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. First, Plaintiff has not described any attempts to secure counsel on his own. Plaintiff should try to obtain counsel and should retain the responses he receives and submit them with any renewed motion. Second, Plaintiff, whose submissions to date have been coherent and articulate, appears capable of litigating this matter at the present stage. This litigation is in its earliest stages, *Romanelli*, 615 F.3d at 853 (noting that infancy of case makes it impossible to accurately determine Plaintiff's ability to litigate case), and the Court

grants pro se litigants wide latitude in the handling of their lawsuits. Consequently, the plaintiff's motion for attorney representation [4] is denied at this time.

Date: July 8, 2016 /s/ *Ruben Castillo*
Chief Judge Ruben Castillo